QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
   alexspiro@quinnemanuel.com
Cory D. Struble (*pro hac vice*)
   corystruble@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100

Robert M. Schwartz (Bar No. 117166)
   robertschwartz@quinnemanuel.com
Dylan C. Bonfigli (Bar No. 317185)
   dylanbonfigli@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SHAWN CARTER, also known as Jay-Z, an individual,<br><br>            Plaintiff,<br><br>   v.<br><br>JONATHAN MANNION, an individual, and JONATHAN MANNION PHOTOGRAPHY LLC, a New York limited liability company,<br><br>            Defendants. | Case No. 2:21-cv-04848-PA-KS<br><br>**PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION OF DEFENDANTS JONATHAN MANNION AND JONATHAN MANNION PHOTOGRAPHY LLC TO CONTINUE THE MOTION HEARING CUTOFF DEADLINE**<br><br>The Honorable Percy Anderson<br><br>Trial Date:        July 19, 2022<br>Pretrial Conference: June 17, 2022 |

In the wake of this Court's Order striking Defendants' Motion for Summary Judgment based on non-compliance with Local Rule 7-3, Defendants Jonathan Mannion and Jonathan Mannion Photography LLC have applied *ex parte* for an order continuing the motion hearing cutoff date from May 16, 2022 to June 13, 2022.  Defendants' purpose is to enable them to refile the motion for summary judgment this Court struck after they failed to comply, for the second time, with Local Rule 7-3.  (App. at 1.)

Plaintiff opposes the request.  Defendants' attempt to force a ruling on their stricken motion fails to satisfy the requirements for the "extraordinary remedy" of *ex parte* relief.  (Civil Trial Scheduling Order [ECF No. 52] § I.D.)

As Defendants acknowledge, to justify *ex parte* relief, they must show that: (1) their "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) they are "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect."  (App. at 4 (quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).

Defendants have not established "excusable neglect."  Rather, the situation is of their own making.  As this Court explained in striking their motion for summary judgment, Defendants "failed to comply with Local Rule 7-3 in filing motions to strike and dismiss (Docket Nos. 24 & 26) and the Court admonished counsel that future violations of the Local Rules … may result in the imposition of sanctions."  (ECF No. 106 at 1.)  Nevertheless, Defendants again failed to comply with Local Rule 7-3 before filing their summary judgment motion.  (ECF No. 82 at 2.)  As a result, the Court struck the motion pursuant to Local Rule 7-4, which provides that "[t]he Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8."  (ECF No. 106 at 1.)  Given this Court's prior warning to Defendants regarding the need to comply with Local Rule 7-3, there can be no claim of "excusable neglect."

In response, Defendants' lawyers say they did not know of the Court's prior Order (ECF No. 28) because they were not then in the case.  (Trujillo-Jamison Dec. [ECF No. 107-1] ¶ 7.)  That is not excusable neglect.  Counsel are required to familiarize themselves with the Court's rules (*see, e.g.*, Standing Order [ECF No. 12] at 1; L.R. 83-2.1.2.2), and the Court's prior Orders in an action in which they appear.  *See, e.g.*, *Hunt v. Kernan*, 2008 WL 4390163, at *4 (C.D. Cal. Sept. 10, 2008) (new counsel is "held to the same, unqualified standard as every other counsel of record, including the requirement that his substitution will not result in any delay because he has adequately familiarized himself with the complete record").  Defendants' claim of excusable neglect thus requires the Court to excuse them also from complying with their obligation to familiarize themselves with the record when they took over as lead counsel.  But their first instance of neglect hardly excuses their second (or, in reality, their third).[1]

Further, Defendants' counsel are based in Los Angeles and presumably have experience litigating cases in the Central District.  The presence of the pre-filing meet-and-confer requirement and the need to adhere to it are well-known to all such attorneys in the community.[2]

## CONCLUSION

The Court should deny Defendants' *ex parte* application.

---

[1]  Moreover, the Court's Standing Order, which states "READ THIS ORDER CAREFULLY, IT CONTROLS THE CASE," advises the parties: "Motions shall be filed in accordance with Local Rule 7."  (ECF No. 12 at 1, 4.)  It further explains that Local Rule 7-3 requires counsel to engage in a pre-filing conference 'to discuss thoroughly … the substance of the contemplated motion and any potential resolution.'"  (ECF No. 12 at 4 n.1.)  That too put counsel on notice as to the need to comply with Local Rule 7-3.

[2]  Defendants likewise fail to cite any authority supporting their claim of prejudice or articulate a reason why striking a motion for judgment as a matter of law is cognizable prejudice.

| | |
|---|---|
| DATED:  May 10, 2022 | QUINN EMANUEL URQUHART<br>& SULLIVAN, LLP<br><br>By     */s/ Robert M. Schwartz*<br>     Alex Spiro (*pro hac vice*)<br>     Robert M. Schwartz<br>     Cory D. Struble (*pro hac vice*)<br>     Dylan C. Bonfigli<br><br>*Attorneys for Plaintiff* |