1
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
2
Alex Spiro (*pro hac vice*)
    alexspiro@quinnemanuel.com
3
Cory D. Struble (*pro hac vice*)
    corystruble@quinnemanuel.com
4
51 Madison Avenue, 22nd Floor
New York, New York 10010
5
Telephone:   (212) 849-7000
Facsimile:    (212) 849-7100
6

7
Robert M. Schwartz (Bar No. 117166)
    robertschwartz@quinnemanuel.com
8
Dylan C. Bonfigli (Bar No. 317185)
    dylanbonfigli@quinnemanuel.com
9
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
10
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

11
*Attorneys for Plaintiff*

12
## UNITED STATES DISTRICT COURT

13
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

14

15
SHAWN CARTER, also known as Jay-Z, an individual,

16
                    Plaintiff,

17
          v.

18
JONATHAN MANNION, an individual, and JONATHAN MANNION PHOTOGRAPHY LLC, a New York limited liability company,

19

20

21
                    Defendants.

| | |
|---|---|
| Case No. 2:21-cv-04848-PA-KS | |

**APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF AND OPPOSITION TO MOTIONS IN LIMINE**

The Honorable Percy Anderson

Trial Date:   July 19, 2022

## **Application for Leave to File Under Seal**

Pursuant to Local Rule 79-5 and the Stipulated Protective Order entered by the Court in this action on November 3, 2021 (the "Protective Order"), Plaintiff Shawn Carter ("Plaintiff") respectfully requests that the Court order the following documents, which constitute or describe information that was designated by either Plaintiff or Defendants as "Confidential Information" pursuant to the Protective Order, be filed under seal:

(a) Unredacted Version of the Declaration of Dylan C. Bonfigli in Support of Plaintiff's Opposition to Defendants' Motions in Limine.

(b) Unredacted Version of Plaintiff's Motion in Limine No. 1.

(c) Unredacted Version of Plaintiff's Motion in Limine No. 4.

Defendants do not oppose the Application.

There is good cause for sealing these documents for the reasons stated below:

## **Declaration of Dylan C. Bonfigli**

Although courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents" and "start with a strong presumption in favor of access to court records," this presumption of access is overcome when there are "compelling reasons" to "keep a court document under seal." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted). Examples of such "compelling reasons" include "when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

The confidential information in the document should be sealed because it contains "business information that might harm a litigant's competitive standing." *Id.* (citation omitted). The redacted portions of the document constitute or describe licensing agreements entered into by Plaintiff and similarly situated celebrities,

1  including, for example, the compensation paid under those agreements, the rights

2  licensed under those agreements, and the approval rights and process set forth in

3  those agreements.  *See* Bonfigli Dec., Ex. A at 10-13, 14-15; *id.*, Ex. F at 98:2-

4  100:10, 150:19-25, 151:13-25.

5  This information has independent economic value from its confidentiality

6  because, among other reasons, this information could be used to undermine

7  Plaintiff's competitive standing or by Plaintiff's competitors or counterparties in

8  future licensing deals with Plaintiff to undermine Plaintiff's economic and business

9  interests.  *See, e.g., In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008)

10  (sealing "pricing terms, royalty rates, and guaranteed minimum payment terms" in a

11  license agreement as "sources of business information that might harm a litigant's

12  competitive standing" and "trade secrets" (cleaned up)); *U.S. Ethernet Innovations,*

13  *LLC v. Acer, Inc.*, 2014 WL 7387206, at *1 (N.D. Cal. Dec. 19, 2014) (sealing

14  "references to confidential business agreements, detailed sales information and

15  product specifications").

16  Plaintiff's request to seal is narrowly tailored.  A less restrictive alternative to

17  sealing is not sufficient because the entirety of the information sought to be sealed

18  discloses the confidential information described above.

19  **Plaintiff's Motion in Limine No. 1**

20  There is good cause for filing the unredacted version of Plaintiff's Motion in

21  Limine No. 1 under seal because Defendants have designated information contained

22  in or referred to in the motion as "Confidential Information" under the Protective

23  Order.

24  Per the attached Declaration of Dylan C. Bonfigli, counsel for the parties duly

25  met and conferred under Local Rule 79-5.2.2(b) in "an attempt to eliminate or

26  minimize the need for filing under seal."  Defendants requested that Plaintiff file

27  two exhibits to the motion under seal: JX-14 and JX-91, which are attached as

28  exhibits and I and J to the motion, respectively.

APPLICATION FOR LEAVE TO FILE UNDER SEAL

1    Plaintiff's request to seal is narrowly tailored because Plaintiff redacted from

2    the publicly filed of the motion only the exhibits that Defendants requested that

3    Plaintiff file under seal and the portions of the motion that refer to those exhibits.

4    **Plaintiff's Motion in Limine No. 4**

5    There is good cause for filing the unredacted version of Plaintiff's Motion in

6    Limine No. 4 under seal because Defendants designated information contained in or

7    referred to in the motion as "Confidential Information" under the Protective Order,

8    and Defendants informed Plaintiff that they intended to file that information under

9    seal.

10    Plaintiff's request to seal is narrowly tailored because Plaintiff redacted from

11    the publicly filed of the motion only those portions of the motion that refer to

12    information that Defendants designated as "Confidential Information."

13

14    DATED:  June 17, 2022                 QUINN EMANUEL URQUHART
                                            & SULLIVAN, LLP
15

16                                    By _____/s/ Robert M. Schwartz_____

17                                         Robert M. Schwartz

18                                         *Attorneys for Plaintiff*

19

20

21

22

23

24

25

26

27

28

-4-